**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **RONALD E. FISHER, JR.,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. C2-05-515** |
| | : | |
| **v.** | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **MBNA AMERICA BANK, N.A.,** | : | **Magistrate Judge Abel** |
| | : | |
| **Defendant.** | : | |

## OPINION & ORDER

### I. INTRODUCTION

This cause comes before the Court on Defendant MBNA America Bank's, N.A.

("MBNA"), Motion to Dismiss Plaintiff, Ronald E. Fisher, Jr.'s ("Plaintiff" or "Fisher") claim

for both lack of subject matter jurisdiction and failure to state a claim upon which relief can be

granted.  Defendant's motion is in response to a motion by Plaintiff to vacate an arbitration

award.  For the following reasons, Defendant's Motion for Dismissal for Lack of Subject Matter

Jurisdiction is **GRANTED**, and Defendant's Motion for Dismissal for Failure to State a Claim

Upon Which Relief Can Be Granted is **MOOT.**

### II. BACKGROUND

#### A. Facts

On or about May 4, 2005, a sole arbitrator for the banking industry's self-regulative,

arbitrative body, the National Arbitration Forum (the "NAF"), entered an arbitration award in

favor of MBNA and against Fisher for payment of a credit card debt in the amount of

$21,169.75.  This award was entered in Ohio, the state in which the cause of action arose and

where the Documents Hearing was deemed to have been provided, pursuant to Rule 28 of the NAF's *Code of Procedure*.  Plaintiff alleges that the NAF rendered this award despite the fact that he, at no point, provided the written consent that was required by law.  According to Plaintiff, MBNA failed to provide a dated and executed copy of a document that contained his signed consent to arbitrate.  He contends that, instead, MBNA offered an unsigned, undated, blank standard form credit card agreement, accompanied by an assertion that the NAF should presume it would apply to Plaintiff as a credit card holder.  Plaintiff further alleges that the NAF rendered an arbitration award despite his Response to the Claim, Motion for Summary Judgment, and Request for Involuntary Dismissal.

### B. Procedural History

On May 25, 2005, Plaintiff filed a Motion to Vacate Arbitration Award in federal district court.  On June 27, 2005, MBNA filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction and a Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted, pursuant to 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.  On July 28, 2005, Plaintiff responded with a Memorandum in Opposition to MBNA's Motions.  A day later, MBNA filed a Reply Memorandum in Support of its Motions.  This matter is before the Court on MBNA's Motions to Dismiss filed pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

### III. STANDARD OF REVIEW

### A. Dismissal For Lack of Subject Matter Jurisdiction

Where a defendant raises the issue of lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, the plaintiff has the burden of proving

jurisdiction in order to survive the motion to dismiss.  *DXL, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004); *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990).

Motions to dismiss for lack of subject matter jurisdiction fall into two general categories: facial attacks and factual attacks.  *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994).  A facial attack is a challenge to the sufficiency of a complaint, and, when considering the motion, the court must view the material allegations of that complaint as true and construe them in the light most favorable to the nonmoving party.  *Id.*  A factual attack is a challenge to the factual existence of subject matter jurisdiction.  *Id.*  No presumptive truthfulness applies to the factual allegations, and the court is free to weigh the evidence and to satisfy itself as to the existence of its power to hear the case.  *Id.*; *Moir*, 895 F.2d at 269.  When there is an attack on the factual basis for jurisdiction, the district court must weigh the evidence, and the plaintiff has the burden of proving that the court has jurisdiction over the subject matter.  *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005).

## B. Dismissal for Failure to State a Claim

In considering a Rule 12(b)(6) motion to dismiss, the court is limited to evaluating whether a plaintiff's complaint sets forth allegations sufficient to make out the elements of a cause of action.  *Windsor v. Tennessean*, 719 F.2d 155, 158 (6th Cir. 1983).  A complaint should not be dismissed under Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 724 (6th Cir. 1996).

While the court must "construe the complaint liberally in the plaintiff's favor and accept as true all factual allegations and permissible inferences therein," the complaint requires more than the bare assertion of legal conclusions. *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993) (internal citations omitted). It must contain either direct or inferential allegations with respect to all the material elements necessary to sustain a recovery under some viable legal theory. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988).

## IV. ANALYSIS

Plaintiff contends that by entering an arbitration agreement without his consent, the arbitrator exceeded his lawful powers within the meaning of O.R.C. § 2711.10 and 9 U.S.C. § 10(a)(4) "in manifest disregard of the law" and contrary to the NAF's own rules. OHIO REV. CODE ANN. § 2711.10 (2006); 9 U.S.C. § 10 (2002). Accordingly, Plaintiff requests that the federal court vacate the arbitration award.

In his Motion to Vacate Arbitration Award, Plaintiff asserts that this Court has jurisdiction based on 28 U.S.C. § 1331, which grants federal courts jurisdiction to decide matters "arising under the Constitution (or) laws . . . of the United States." Plaintiff argues that this matter arises under the laws of the United States pursuant to the remedies provided for in the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 9-13, and under the *Code of Procedure* of the NAF. Plaintiff alleges that under Sections 9 and 10 of the FAA, the United States Court in that federal district may accept jurisdiction to decide and determine a motion to vacate award. See *id.* To further prove federal jurisdiction, Plaintiff cites Rule 5(M) of the NAF Code, which states that an arbitration award may be "reviewed by a court with jurisdiction to determine whether the

Arbitrator properly applied the applicable substantive law and whether the arbitration complied with the applicable arbitration laws." *Id.*

MBNA objects to this Court's jurisdiction, arguing that it has "long been settled that the district courts, having limited jurisdiction, did not obtain an independent grant of subject matter jurisdiction from Congress under the FAA." Def.'s Motion to Dismiss at 6.  Instead, MBNA claims that federal subject matter jurisdiction is only proper when the federal court would have jurisdiction over a suit based on the underlying dispute. *Id.*  MNBA argues that the underlying dispute in this case rests on whether an arbitration agreement in fact existed, and that, because this is a matter of state contract law, this Court lacks subject matter jurisdiction.

28 U.S.C. § 1331 reads "the district court shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treatises of the United States." 28 U.S.C. § 1331 (2005).  The Supreme Court has long held that actions arising under the Constitution, laws, or treatises of the United States for purposes of federal question jurisdiction refer only to those cases in which "a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law."  *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807  (1986) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 28 (1983)).

In the vast majority of cases, subject matter jurisdiction arises from the law creating the cause of action.  *Id.* at 808 (quoting *Am. Well Works Co. v. Layne & Bowler Co.*, 241 U.S. 257, 260 (1916)).  Thus, the majority of cases brought under § 1331 are those in which the federal law creates a cause of action.  *Id.*  Federal courts also retain subject matter jurisdiction over cases

"where the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd.*, 463 U.S. at 9.

The Supreme Court addressed the jurisdiction of federal courts to hear claims under the FAA in *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1 (1983). In that case, the Court stated:

> The Arbitration Act is something of an anomaly in the field of federal-court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal-question jurisdiction under 28 U.S.C. § 1331 or otherwise. Section 4 provides for an order compelling arbitration only when the federal district court would have jurisdiction over a suit on the underlying dispute; hence, there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order can issue.

*Id.* at 26 (citing *Comm. Metals Co. v. Balfour, Guthrie, & Co.*, 577 F.2d 264, 268-69 (5th Cir. 1978)).

In order for this Court to have subject matter jurisdiction over Plaintiff 's claim, Plaintiff must plead an independent source on which to base federal jurisdiction other than Section 4 of the FAA. In his Motion to Vacate Arbitration Award as well as in his subsequent filings with this Court, Plaintiff rests his jurisdictional argument on several grounds. First, he relies on Rule 5(M) of the NAF Code, which incorporates the FAA as the governing authority and states that an arbitration decision may be "reviewed by a court with jurisdiction to determine whether the Arbitrator properly applied the applicable substantive law and whether the arbitration complied with the applicable arbitration laws." *Id.*

Nonetheless, while it is true that Rule 5(M) gives parties to an arbitration agreement the power to seek review of an Award in a court of competent jurisdiction, Rule 5(M) does not

-6-

specify that a federal court would be one of competent jurisdiction. NAF Code of Procedure, Part II, Rule 5(M). Moreover, even if the drafters of the NAF Code did, in fact, intend the federal district court to be one of competent jurisdiction, such drafters would not have the authority to grant subject matter jurisdiction upon a federal court where there otherwise would be none. Subject-matter jurisdiction is an Article III, as well as a statutory, requirement which restricts federal power, and as such, "no action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Therefore, subject-matter jurisdiction cannot be conferred on federal courts through consent or waiver. *Universal Consol. Cos. v. Bank of China*, 35 F.3d 243, 247 (6th Cir. 1994) ("[I]t is hornbook law that parties may not waive into or consent to subject matter jurisdiction which a federal court does not properly have by operation of Constitution and Congress."); *Ford*, 29 F.3d at 257 (citing *Commodity Futures Trading Comm'n v. Schor*, 478 U.S. 833, 851 (1986)); *Ins. Corp. of Ir.*, 456 U.S. at 702.

While courts regularly analyze the rules of the NAF Code when settling arbitration disputes, such rules were promulgated by members of the NAF as the contractual provisions governing arbitration, not by Congress as part of a statute. *See* National Arbitration Forum (2005), www.arbitration-forum.com. Because subject matter jurisdiction can only be granted upon a federal court "by operation of Constitution and Congress," the NAF, as well as the parties agreeing to be bound by the Code's rules, cannot confer subject matter jurisdiction upon this Court. *Universal Consol. Cos.*, 35 F.3d at 247.

Next, Plaintiff bases federal question jurisdiction on: (1) Section 10(a)(4) of the FAA, which states that "the United States court in and for the district wherein the award was made

may make an order vacating the award upon the application of any party . . . where the arbitrators [so] exceeded their powers . . . that a mutual, final, and definite award upon the subject matter submitted was not made"; and (2) Section 9 of the FAA, which states that, "[i]f no court is specified in the agreement of the parties, then such application may be made to the United States court in and for the district within which such award was made." *Id.* Although Plaintiff relies on the above language to make his case, it has long been established that Section 10 does not constitute a grant of subject matter jurisdiction under § 1331. *Ford v. Hamilton Inv., Inc.*, 29 F.3d 255, 257 (6th Cir. 1994) (citing *Garrett v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 882, 884 (9th Cir. 1993)); *Southland Corp. v. Keating*, 465 U.S. 1, 15 n. 9 (1984) ("While the [FAA] creates federal substantive law requiring the parties to honor arbitration agreements, it does not create any independent federal question jurisdiction under 28 U.S.C. § 1331 or otherwise."). Further, Section 9 of the FAA fails to create independent subject matter jurisdiction. *Id.* at 258 (citing *Pac. Reins. Mgmt. Corp.v. Ohio Reins. Corp*., 935 F.2d 1019, 1021 (9th Cir. 1991)).

In *Ford*, the Sixth Circuit considered the federal court's jurisdiction to vacate an arbitration award that was entered in the state of Michigan. *Id.* at 256-57. Defendant Hamilton Investments, Inc., a securities dealer, hired plaintiff, Timothy Ford, to manage the firm's office in Dearborn, Michigan. *Id.* at 256. The plaintiff signed a promissory note, which was to be repaid if it was not forgiven over the course of a three-year period. *Id.* Mr. Ford subsequently left Hamilton Investments after only one year, prompting the defendant to file an arbitration claim seeking the balance remaining on the loan. *Id.* As a result, a three-member panel found in favor of the defendant in the amount of $26,666.63, plus interest. *Id.* at 257.

-8-

Plaintiff filed a complaint against Hamilton Investments in the United States District Court for the Eastern District of Michigan, alleging that the arbitrator rendered the award "in total disregard of the law," and urging the Court to vacate it. *Id.* Both parties agreed that the federal court had jurisdiction over the matter. *Id.* In his complaint and subsequent motion, the plaintiff relied on § 10 of the FAA, and "Arbitration held pursuant to the Securities Exchange Act of 1934," while Hamilton Investments based jurisdiction on § 9 of the FAA. *Id.*

While recognizing that "[o]ne can understand why Mr. Ford's counsel might have assumed . . . that this provision would suffice to confer federal jurisdiction over an action to vacate an arbitration award," the Sixth Circuit rejected the parties' claim that §§ 9 and 10 of the FAA granted the federal courts independent subject matter jurisdiction. *Id.* at 257-58. The Court reasoned that because Section 4 of the FAA requires diversity of citizenship or "some other independent basis for federal jurisdiction before the order can issue," the same requirement applies to §§ 9 and 10. *Id.* "[T]o read section [9 or] 10 as bestowing jurisdiction [to confirm or] vacate absolutely any arbitration award . . . would open the federal courts to a host of arbitration disputes, an intent that we should not readily impute on Congress." *Id.* (quoting *Harry Hoffman Printing v. Graphic Commc'ns, Intern. Union, Local 261*, 912 F.2d 608, 611 (2nd Cir. 1990)). Because the FAA standing alone failed to grant jurisdiction, the Sixth Circuit had to consider whether the Securities Exchange Act of 1934 provided an independent ground for federal question jurisdiction under 28 U.S.C. § 1331. *Id.*

The factual allegations in this case are similar to those in *Ford.* 29 F.3d at 256-57. As in *Ford*, Fisher requests that a federal district court vacate an arbitration award that he claims was rendered against him in total or "manifest disregard of the law." *Id.* at 257; Pl.'s Motion Vacate

Arb. Award at 2, 6).  More importantly, like the parties in *Ford*, Plaintiff Fisher asserts

jurisdiction based on §§ 9 and 10 of the FAA.  *Ford*, 29 F.3d at 257; Pl.'s Motion Vacate Arb.

Award at 2.

As the Sixth Circuit held in *Ford*, §§9 and 10 of the FAA do not confer subject matter

jurisdiction upon the federal court.  29 F.3d at 257-58.  Therefore, Fisher is mistaken in his

assertion that jurisdiction over this matter can rest solely on such grounds.  Instead, there must

be some other, independent ground on which Fisher can base his jurisdictional argument.

Fisher contends that this Court has subject matter jurisdiction because:

> the evidentiary record demonstrates that an arbitration award was rendered in the absence
> of an agreement to arbitrate executed by the parties– as required not only by the common
> law of contracts and by statute, but also under Rules 1A, 2E, and 12(2),(4), of the NAF's
> own *Code*– and . . . as a result, the arbitration claimant is now in the position under the
> same *Code* to seek confirmation of that award in a court of competent jurisdiction.

Pl.'s Opposition at 2-3.  As stated above, determining which court is one of competent

jurisdiction depends on whether the court would have jurisdiction over the underlying dispute.

*Moses H. Cone Mem'l Hosp.*, 460 U.S. at 26.

In the case sub judice, this Court must determine the issue that lies at the heart of the

parties' dispute.  Plaintiff argues that Rules 1A, 2E, and 12(2) and (4) of the NAF Code require

both parties' consent to arbitrate, and that because this Code incorporates the FAA, a federal

question arises.  Defendant does not dispute that Rules 1A, 2E, and 12(2) and (4), or any other

provisions of the NAF Code, require consent by both parties to arbitrate.  Nonetheless, Plaintiff

and Defendant disagree about whether Plaintiff did, in fact, give such consent.  Whether Plaintiff

consented is a matter of contract law.

Matters of contract law are traditionally reserved for state courts. *Michigan Southern R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n, Inc.*, 287 F.3d 568, 574 (6th Cir. 2002) ("[T]his lawsuit, based on state contract law, does not raise a substantial or disputed question of federal law."). As Fisher concedes, "[a]rbitration is a matter of contract." *Steelworkers v. Warrior & Gulf Nav. Co.*, 363 U.S. 574, 582 (1960)). In order to resolve this dispute, a court will have to use the substantive contract law of the state of Ohio to determine whether Fisher, through his words or actions, expressed the necessary assent that is required to create a contractual agreement to arbitrate. These are all factual inquiries that will determine whether a contract does in fact exist. Therefore, because contract law has been reserved for the states, and because the underlying dispute rests on whether Fisher and MBNA have a contract, this Court finds that this is a matter reserved for a state court.

Finally, Fisher cites *Wilko v. Swan*, 346 U.S. 427 (1953) as relevant authority, though he fails to explain how this case is relevant to the issue of jurisdiction. In *Wilko*, the Supreme Court considered whether a party's agreement to arbitrate under the United States Arbitration Act[1] deprived the party of remedies afforded by another federal statute, the Securities Act. *Id.* at 430. In addressing the jurisdictional question, the Court briefly states that jurisdiction is proper to "review this important and novel federal question affecting both the Securities Act [of 1933] and the United States Arbitration Act." *Id.* This Court assumes that Plaintiff bases his argument on the belief that because federal jurisdiction was proper under *Wilko*, which dealt with the United States Arbitration Act, it must therefore be proper in *any case* dealing with the Act.

---

[1] Both "United States Arbitration Act" and "Federal Arbitration Act" are used interchangeably to refer to 9 U.S.C. §§ 1-10. *See Wilko*, 346 U.S. at 429.

-11-

This assumption, however, is unwarranted because the Supreme Court in *Wilko* did not base jurisdiction solely on the provisions of the United States Arbitration Act. Rather, jurisdiction in *Wilko* was proper because the parties' dispute centered on another federal statute, the Securities Act. The Securities Act stated that those acquiring a security could not waive compliance with any provision of the Act. *Id.* (citing 15 U.S.C. § 77n (2005)) ("Any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of this subchapter or of the rules and regulations of the Commission shall be void."). The Court, therefore, had to determine whether agreeing to arbitration under the United States Arbitration Act could be considered a waiver as contemplated by the statute, and the Court focused its inquiry on the interpretation of the word "waive" as it was used in the Securities Act. *Wilko*, 346 U.S. at 430, 434-35. Because the underlying dispute was one of statutory interpretation, the Court determined that this was a "novel and federal question" giving rise to jurisdiction. *Id.* at 430.

Unlike *Wilko*, this case implicates no other federal statute that may grant this Court jurisdiction. Fisher's jurisdictional arguments are grounded solely on several provisions of the FAA. Also, unlike *Wilko*, the underlying dispute in this case rests on the existence of a contract under state law. As such, *Wilko* and the case *sub judice* are readily distinguishable.

Plaintiff has failed to meet his burden under Rule 12(b)(1) to establish that the Court has jurisdiction over this matter based on the FAA or any other federal law. Even when construing

-12-

the material allegations of the complaint as true and in the light most favorable to Plaintiff, this

Court can find no grounds on which to exercise jurisdiction under 28 U.S.C. § 1331.[2]

## V. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's Motion to Dismiss for Lack

of Subject Matter Jurisdiction.  Defendant's Motion to Dismiss for Failure to State a Claim Upon

Which Relief Can be Granted is **MOOT**.  This case is hereby dismissed on all counts.

**IT IS SO ORDERED.**


    _s/Algenon L. Marbley_____
**ALGENON L. MARBLEY, JUDGE**
**United States District Court**

**DATE: March 17, 2006**

---

[2] In Pl.'s Opposition, Fisher contends that he initiated the litigation by filing a motion pursuant to Rule 7(b) of the Federal Rules of Civil Procedure, and not a complaint pursuant to Rule 3.  Therefore, he claims that as a "movant" and not a "plaintiff" he does not bear the burden of establishing jurisdiction.  In *Ford*, the Sixth Circuit ignored such a distinction throughout its Rule 12(b)(6) analysis, despite the fact that the plaintiff's jurisdictional argument was brought to the court through a motion, and not a complaint.  29 F.3d at 258 (noting it is the substance of and not the label on the pleading that is relevant under the Federal Rules of Civil Procedure and assuming that the motion to vacate could properly be considered part of the complaint).  Therefore, this Court concludes that this distinction lacks relevance.